## IN THE CIRCUIT COURT FOR CLAY COUNTY, MISSISSIPPI

| | | |
|---|---|---|
| **DAVID JONES, JR.,** | * | USDC No. 1:21cv76-GHD-DAS |
| Plaintiff, | * | Case No.: CV - 2021 - 21-CV-00644 |
| v. | * | |
| Love's Travel Stops & Country Stores, Inc. and Fictitious Defendants "A," "B," and "C," whether singular or plural, those other persons, corporations, firms or other entities whose wrongful conduct caused or contributed to cause the injuries and damages to Plaintiff, all of whose true and correct names are unknown to Plaintiff at this time, but will be added by amendment when ascertained, | * | |
| Defendant. | * | |

### COMPLAINT

This is an action by Plaintiff, **David Jones, Jr.,** (herein after referred to as "Plaintiff") against Defendant, **Love's Travel Stops & Country Stores, Inc.** (herein after referred to as "Defendant") for personal injuries and damages sustained by the Plaintiff as the result of a defective condition on or about **November 3, 2020.**

### PARTIES, JURISDICTION, VENUE

1. The Plaintiff, **David Jones, Jr.,** was a resident and citizen of **Clay** County, Mississippi at all times material to the issues in this case.

Defendant, **Love's Travel Stops & Country Stores, Inc.,** is a corporation that is registered to do business in the state of Mississippi at all times material to the issues in this case.


FILED Clay County APR 20 2021

1

Defendant may be served through its Registered Agent, CT Corporation System., 645 Lakeland East Dr Ste 101 Flowood, Ms 39232

2. Fictitious Defendants "A", "B" and "C' are other persons and/or entities whose wrongful conduct may have caused and/or contributed to the incident that forms the basis of this Complaint but are unknown to Plaintiff at this time.

3. The incident giving rise to this complaint occurred in **Clay** County, Mississippi.

4. Venue in **Clay** County, Mississippi is proper.

## APPLICABLE FACTS

5. On or about **November 3, 2020,** Plaintiff, **David Jones, Jr.**, was in the Defendant's location at **Love's Travel Stop & Country Store Inc., Clay** County, Mississippi.

6. At said time and place, while Plaintiff was an invitee was upon the premises of the Defendant in Harrison County, Mississippi, when Plaintiff fell and was injured.

## COUNT ONE - NEGLIGENCE

7. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

8. At said time and place, Plaintiff fell when Defendant maintained a dangerous condition with actual or constructive knowledge that Defendant's floor was dangerously maintained and Defendant allowed said condition to be present without warning to the Plaintiff of the presence danger.

9. In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

    (a)    Negligently failed to exercise ordinary care.

    (b)    Negligently failed to cure a known danger.

(c)   Negligently failed to warn Plaintiff of said known danger.

(d)   Otherwise acted in negligent disregard of the rights and safety of the Plaintiff and other business invitees.

10.   The Plaintiff avers that the acts and conduct of the Defendant constitutes common law negligence.

11.   As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, court costs and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

## COUNT TWO - WANTONESS

12.   Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

13.   At said time and place, Defendant acted in such a wanton manner in creating and maintaining a known dangerous condition and failing to cure or warn invitee of said dangerous condition, so as to

(a) cause injury to Plaintiff due to the dangerous condition, and

(b) cause Plaintiff to undergo doctors appointments and physical therapy appointments, and

(c) cause the Plaintiff to suffer and sustain the injuries and damages.

14.   In causing said known dangerous condition to persist on that certain premises described hereinabove, Defendant:

 (a)  Wantonly failed to exercise ordinary care.

 (b)  Wantonly failed to cure a known defect.

 (c)  Wantonly failed to warn Plaintiff of said known defect.

 (d)  Otherwise acted in wanton disregard of the rights and safety of the Plaintiff and others business invitees.

15. The Plaintiff avers that the acts and conduct of the Defendant constitutes wantonness.

16. As the proximate consequence of said negligence, Plaintiff was caused to suffer personal injuries, pain, suffering and other damages.

 WHEREFORE, Plaintiff demands judgment against the Defendant for all damages, court costs and attorney's fees to which Plaintiff is entitled and for all compensatory damages that it will take to make the Plaintiff fully whole; furthermore, Plaintiff demands any further damages in such an amount as this Court may determine.

### COUNT THREE – FICTITIOUS DEFENDANTS

17. Plaintiff re-alleges and incorporates the preceding paragraphs herein as if they were fully and completely set forth herein.

18. Fictitious Defendant "A", "B", and "C", whether singular or plural, are those other persons, firms, corporations, or other entities whose negligent, wanton, reckless and wrongful conduct contributed to the injuries sustained by the Plaintiff, said Fictitious Defendant names are unknown to Plaintiff at this time, but will be promptly substituted by amendment when ascertained.

 WHEREFORE, Plaintiff demands judgment against Fictitious Defendants "A", "B", and "C", both jointly and severally, for all compensatory damages, court costs and attorney's fees to which Plaintiff is entitled. Furthermore, Plaintiff demands punitive damages in such an amount as this Court may determine.

### JURY DEMANDED AS TO ALL COUNTS OF THE COMPLAINT

This April 16, 2021.

                                              Respectfully submitted,

                                              */s/ M. Maxwell*

                                              Miranda L. Maxwell  (MSB 106057)
                                              ATTORNEY FOR PLAINTIFF

**OF COUNSEL:**
**SLOCUMB LAW FIRM, LLC**
210 East Capitol Street Suite 401
Jackson, MS 39201
Tel. No. (769) 230- 0911
Fax No. (888) 853-2247

                          **(the rest of this page left blank intentionally)**



FILED Clay County
APR 20 2021