IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**DAVID JONES, JR.**                                                                     **PLAINTIFF**

**V.**                                             **CIVIL CAUSE NO. 1:21-CV-76-DAS**

**LOVE'S TRAVEL STOPS &**
**COUNTRY STORES, INC. ET AL**                                                  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on Defendant Love's Travel Stops & Country Stores, Inc.'s ("Love's") Motion for Summary Judgment. Docket 18. Because both parties have consented to a magistrate judge conducting all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to issue this opinion. Docket 11. Jones did not respond substantively to Love's motion for summary judgment but instead requested time to complete additional discovery before responding on the merits. Docket 21, 22. The court extended the discovery period and reset the deadline for Jones to submit his response. Docket 29. Jones did not propound any discovery or respond to the motion for summary judgment by the extended deadlines. *See* Docket. The Docket reflects that Jones has taken no action in this case since the court granted his request for additional time.[1] After reviewing the motion, the record, and the applicable law, the court finds the Motion for Summary Judgment should be granted.

**I. Background**

This is a negligence action brought by the plaintiff, David Jones, Jr. ("Jones") against Love's Travel Stops & Country Stores, Inc. Docket 2. Jones's Complaint alleges that on

---

[1] The court contacted counsel for Jones about the overdue response to the motion for summary judgment. Counsel indicated that he intended to confer with counsel opposite regarding an extension of time. Counsel for Jones has made no further contact with the court.

November 3, 2020,[2] he "was an invitee upon the premises of [Love's] in Harrison County, Mississippi, when Plaintiff fell and was injured." Docket 2 at 2. Jones contends Love's "maintained a dangerous condition with actual or constructive knowledge that [its] floor was dangerously maintained and […] allowed said condition to be present without warning to the Plaintiff of the presence of danger." *Id*. Jones asserts claims for negligence and wantonness based on the alleged conduct which caused him to suffer "personal injuries, pain, suffering and other damages." *Id*. at 3.

> Jones's response to an interrogatory requesting a description of the incident states:
>
> he was at the Loves located at 5360 Hwy 45A S, West Point, Mississippi 39773,[3] where he goes daily for his morning coffee. Plaintiff states he was walking out of the front door when he fell. Plaintiff does not recall much from the day of the accident because of the amount of pain he was in as the fall caused him to break his hip.

Docket 18-1 at 2. In response to requests for information regarding the facts, lay and expert witnesses, and documents supporting his allegations, Jones provided no information stating only that he would supplement his responses "as discovery is ongoing." *Id*. at 2, 3, 5.

Steven Thomas, the general manager of the West Point, Mississippi Love's store, testified by affidavit that he observed surveillance footage from November 3, 2020, and "no incident was observed at the entrance door of the Love's." Docket 18-2. Mr. Thomas stated that since November 3, 2020, no condition or defect was observed that would contribute to a fall and no repairs were made to the door or its threshold. *Id*. It is Mr. Thomas's testimony that "it is certain that there was no known or observed dangerous condition either before or after the alleged fall." *Id*.

II.     **Standard of Review**

---

[2] Jones's response to the motion for summary judgment states the alleged accident occurred on November 15, 2020, not November 3, 2020. Docket 22. However, Jones never moved to amend the Complaint to reflect this date.
[3] It is unclear why the Complaint alleges Jones was injured at the Love's in Harrison County, Mississippi.

Under Federal Rule of Civil Procedure 56, a party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact. *Id*. at 325. Under Rule 56(e), the burden then shifts to the non-movant to go beyond the pleadings and "by ... affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.,* 477 U.S. at 324. That burden is not discharged by mere allegations or denials. Fed.R.Civ.P. 56(e).

While all legitimate factual inferences must be viewed in the light most favorable to the non-movant, Rule 56 mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Celotex Corp.,* 477 U.S. at 322. Before finding that no genuine issue for trial exists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant. *Matsushita Elec. Indus. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

### III. Discussion

In Mississippi, an owner or proprietor of a business owes a business invitee a duty of ordinary care to keep the business premises in a reasonably safe condition.[4] *Waller v. Dixieland Food Stores, Inc.,* 492 So.2d 283, 285 (Miss.1986). An owner has a duty to warn invitees of dangerous conditions which are not apparent to the invitee, of which the owner or occupier knows or through the exercise of reasonable care should know. *Id.* However, the owner or

---

[4] Love's motion concedes that Jones was an invitee. Docket 19 at 3.

proprietor of a store is not an insurer against all injuries which may occur on the premises. *Jerry Lee's Grocery, Inc. v. Thompson,* 528 So.2d 293, 295 (Miss.1988). Thus, merely proving an accident occurred within the business premises is insufficient to prove liability; instead, the plaintiff must show that the business operator was negligent. *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir. 1994).

To recover in a slip and fall case, a plaintiff must establish [1] that the operator caused the dangerous condition or, [2] if the dangerous condition was caused by a third person unconnected with the store operation, that the operator had either actual or constructive knowledge of the dangerous condition. *Lindsey v. Sears Roebuck & Co.,* 16 F.3d at 618. "When the dangerous condition is traceable to the proprietor's own negligence, no knowledge of its existence need be shown." *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 285 (Miss. 1986). However, the plaintiff must demonstrate that the dangerous condition resulted from an affirmative act of the proprietor. *Lindsey v. Sears Roebuck & Co.,* 16 F.3d at 618 (citing *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916, 917 (Miss. 1966)).

Alternatively, if the presence of a dangerous condition is due to the act of a third party, the plaintiff must show that the defendant had actual or constructive notice of the hazard. *Lindsey v. Sears Roebuck & Co.*, 846 F. Supp. at 505 (S.D. Miss. 1993), *aff'd*, 16 F.3d 616 (5th Cir. 1994). To succeed on a theory of constructive notice, Jones must show "that the dangerous condition existed for such a length of time that, in the exercise of reasonable care, [Love's] should have known of that condition." *Lindsey v. Sears Roebuck & Co.*, 16 F.3d at 618 (citing *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992)).

In the present case, Jones has failed to produce any evidence which would allow a reasonable jury to impose liability on Love's. Jones has presented no evidence that Love's failed to maintain a safe shopping area for its customers by causing the alleged, unspecified "dangerous

condition" or that Love's had actual or constructive knowledge of a dangerous condition caused by an unrelated third party. Jones's Complaint merely states that Love's maintained a "dangerous condition" without identifying the allegedly dangerous condition(s), and his discovery responses similarly provide no facts supporting his claims of Love's negligent and wanton conduct. Not only has Jones failed to present a genuine issue of material fact regarding Love's alleged negligence, but Jones has failed to allege *any* facts in support of his claims for negligence and wantonness against Love's.

Conversely, Steven Thomas's unrebutted, sworn affidavit states that video footage from November 3, 2020, did not reveal any incident at the entrance door. Docket 18-2. Mr. Thomas's testimony is that there was no known or observed dangerous condition in the store's entryway either before or after the alleged fall. Thus, Love's has presented evidence demonstrating it did not have actual or constructive knowledge of any dangerous condition, and Jones has presented no contradicting evidence that could serve as a basis for a jury verdict in his favor. Accordingly, there is no genuine issue of material fact in dispute. A jury could only find for Jones through "unreasonable speculation." *Lindsey v. Sears Roebuck & Co.*, 846 F. Supp. at 508.

## IV. Conclusion

For the foregoing reasons, Love's Motion for Summary Judgment is granted. A separate judgment dismissing this case will be entered under Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED** this the 16th day of June, 2022.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**